FILED
U.S. DISTRICT COURT

2007 JUL 17 A 11: 46

Raux.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

KENNETH LAMAR CHAPPLE,

    Plaintiff,

v.

DR. PETER WROBEL,

    Defendant.

CIVIL ACTION NO.:CV507-050

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at the Ware County Jail in Waycross, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff asserts Defendant refused to either recommend or prescribe the proper medication for his HIV, which resulted in this virus advancing to AIDS. Plaintiff also asserts that, although Defendant examined him and prescribed certain medication, it was the incorrect type of medication. Plaintiff contends he has gotten sores on his head due to Defendant's failure to provide him with the correct medication. Plaintiff also contends a nurse at Ware Wellness Clinic informed him the proper medication would stop his ailments. Lastly, Plaintiff avers that, since filing this civil action, he has contracted shingles and was informed by a nurse that proper medication from Defendant would have prevented him from contracting shingles.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard also embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994). Like any deliberate indifference claim, the Estelle analysis incorporates both an objective and a subjective component. Hill v. DeKalb Reg'l Youth Detention Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994). Estelle's subjective standard does not require that the medical care provided to a prisoner be perfect. Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980). Thus, not every claim that a prisoner has not received adequate medical care states a violation of the Eighth Amendment. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). The medical care provided to inmates need not be "perfect, the best obtainable, or even very good." Id. at 1510 (quoting Brown, 481 F. Supp. at 726). Additionally, it is legally insufficient to sustain a cause of action for deliberate indifference to serious medical needs simply because the inmate did not receive the medical attention he deemed appropriate. See Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (noting that a mere difference of opinion as to a prisoner's diagnosis or course of treatment does not support a claim under the Eighth Amendment).

Plaintiff received medical care from Defendant. Although this care was arguably not perfect, Plaintiff has failed to allege facts showing Defendant violated his constitutional right to be free from cruel and unusual punishment. At most, Plaintiff has

alleged a difference of opinion or medical malpractice, which is insufficient to support a claim that his constitutional rights have been violated.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED AND RECOMMENDED**, this 17th day of July, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE